IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN FERDINAND FREITAS, Fed. ID. No. 00394-122,<br><br>          Petitioner,<br><br>   vs.<br><br>ESTELLA DERR, KYLE OLSEN, ANNELIZABETH CARD,<br><br>          Respondents.<br>_____ | CIV. NO. 20-00312 LEK-KJM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**ORDER DISMISSING PETITION AND DENYING
CERTIFICATE OF APPEALABILITY**

Petitioner John Ferdinand Freitas is incarcerated at the Federal Detention Center ("FDC") in Honolulu, Hawaii after revocation of his supervised release. Pet., ECF No. 1 at 2-3.[1] He filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 to challenge the conditions of his confinement at FDC. Freitas alleges that he was denied due process during disciplinary proceedings conducted on or about April 21, 2020, in violation of the Fifth and Fourteenth Amendments. *Id.* at 2-3.

---

[1] The court refers to the Federal Judiciary's Case Management Electronic Case Filing (CM/ECF) system's numbering and pagination for filed documents.

For the following reasons, the Petition is DISMISSED for lack of jurisdiction and this action is terminated. Any request for a certificate of appealability is DENIED.

## I.  LEGAL STANDARD

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" to entertain a petition for writ of habeas corpus from a prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to any habeas petitions that are not brought under 28 U.S.C. § 2254). A district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the

"judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

## II. DISCUSSION[2]

Freitas alleges that he was denied the right to attend a disciplinary hearing held on or about April 21, 2020. He asserts that this deprived him of the right to inspect the charges and evidence against him, call witnesses or be provided exculpatory evidence, speak in his own defense. He also alleges that he has not been given the written findings upon which he was found guilty and sanctioned. He alleges this violated his civil rights to due process as guaranteed under *Wolff v. McDonnell*, 418 U.S. 935 (1974).

Freitas asks the court to set aside the disciplinary decision and sanctions he received and "enjoin each of the three named Respondents to refrain from subjecting Petitioner to unconstitutional conditions of confinement in the future." Pet., ECF No. 1 at #5.

### A.    Freitas is not Entitled to Habeas Relief

---

[2] The Court takes judicial notice of Freitas' federal criminal proceedings in *United States v. Freitas*, Cr. No. 1:13-cr-00124 JMS (D. Haw. 2015), in which he was convicted and originally sentenced to 42 months imprisonment with ten years supervised release. On or about March 11, 2020, Freitas' supervised release was revoked (for the third time) and he was resentenced to ten months imprisonment with 96 months supervised release. *See id.*, ECF No. 176.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus" to challenge a prisoner's conviction or sentence, and a civil rights complaint to challenge the prisoner's conditions of confinement.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  A federal petitioner challenging the manner, location, or conditions of the execution of his or her sentence may file a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See, e.g., United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being executed").  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  *Muhammad*, 540 U.S. at 750 (citation omitted); *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

By contrast, claims that challenge conditions of confinement, and which would not necessarily impact the fact or duration of confinement, do not fall within "the core of habeas corpus" and must be brought as a civil rights action.  *See Nettles*, 830 F.3d at 934-35; *Muhammad*, 540 U.S. at 750 ("[R]equests for relief

4

turning on circumstances of confinement may be presented in a § 1983 action."). In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for civil rights violations by federal actors.

      Freitas does not allege that the execution of his sentence violates his civil rights under the Constitution. That is, he does not challenge the execution, duration, or legality of his sentence, nor the legality of the revocation of his supervised release. Rather, his allegations concern the conditions of his confinement. Freitas asserts that his constitutional rights to due process were violated pursuant to prison disciplinary proceedings. Although he suggests that the ten-month term of his sentence may be extended based on the sanctions he received, he does not explain this assertion. His term of imprisonment has *not* been formally changed in Cr. No. 1:13-cr-00124, however. Nor will success on Freitas' due process claim necessarily result in his early or speedier release. Rather, if Freitas were to prevail, he may be entitled to another disciplinary hearing at which he may be accorded the due process rights that he alleges he was denied.

      Accordingly, the Petition is DISMISSED for lack of jurisdiction without prejudice but without leave to amend, as amendment is futile herein.

**B.     The Court Will Not Convert the Petition into a Civil Rights Complaint**

When a prisoner's claim is not cognizable in habeas corpus, the court may construe his habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

The Petition is not amenable to conversion to a civil rights complaint on its face. Freitas names the FDC warden and associate wardens as Respondents, *see* Pet. at 1, but he alleges that it was Disciplinary Hearing Officer ("DHO") Lt. Puukila who denied him due process at the disciplinary hearing by failing to allow Freitas to be present, denying him exculpatory evidence, finding him guilty, and imposing sanctions. Puukila would therefore be the correct civil rights defendant. *See Glaus*, 408 F.3d at 389 (finding that a federal inmate's habeas petition challenging deficient medical care was not amenable to conversion to a *Bivens* action because the inmate named the warden as the respondent).

Warden Derr's and Associate Wardens Card and Olsen's only apparent connection to Freitas' claim is their responses, or lack thereof, to Freitas' requests to intervene, or informal administrative grievances. *See* ECF No. 1-1, Exs. A-D. But a prison official's allegedly improper processing or denial of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for raising a civil rights claim. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating prisoners have no "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding no due process violation based on improperly processed grievances); *see also Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (affirming dismissal of claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

In addition, converting Frietas' claim to a civil rights action would impose burdensome constraints upon him — such as a significantly higher filing fee, the means of collecting it, and possible restrictions on his future filings — that could make conversion more disadvantageous to Freitas than dismissal without prejudice of this habeas petition. *See Nettles*, 830 F.3d at 936. The Court declines to

recharacterize Freitas' habeas petition to plead a *Bivens* cause of action. Rather, the Petition is dismissed without prejudice to Freitas' filing a civil rights complaint.

## IV.  **CONCLUSION**

The Petition is DISMISSED without leave to amend for lack of jurisdiction. Any request for a certificate of appealability is DENIED, as Freitas has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Freitas v. Derr,*  No. 1:20-cv-00312 LEK-KJM; habeas '20/ (dsm 2241 R4 lack J, dny COA)